belong to that estate and which never were accounted for by the former representative be now accounted for and paid to them. They were brought here by the petitioners for that very purpose, to the end that litigation between these estates be forever concluded. Therefore, I conclude that the doctrine of estoppel does not apply to this matter; that the note of $3,800 is discovered assets belonging to the estate of John U. Abel, deceased, not included in any former accounting of his estate.

Let a decree be entered in accordance with this opinion upon three days' notice by any party. Decreed accordingly.

---

(66 Misc. Rep. 406.)

### In re BUTLER et al.

(Surrogate's Court, Dutchess County. February, 1910.)

WILLS (§ 499*)—CONSTRUCTION—DESCRIPTION OF PERSONS.

Testatrix gave her property "to each of my nephews and nieces named, as follows." Seven of the persons named were nephews and nieces by blood, and the eighth either a niece by blood or a niece by marriage, both of whom bore the same name. *Held*, that testatrix intended the niece by blood.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1067; Dec. Dig. § 499.*]

In the matter of the settlement of the accounts of Odell Corning Butler and Wright B. Odell, executors of Esther O. Abel. Decree rendered.

C. W. H. Arnold, for executors.
William C. Albro and John E. Mack, for Anna E. Odell.

HOPKINS, S. A legacy of $500 was given under the second clause of the will of the above-named testatrix to one Anna E. Odell, and is claimed by two persons bearing or known by the same name, viz., one a niece of the half blood of testatrix and the widow of Duane Odell, deceased, the other, the wife of Willis B. Odell, a nephew by blood of said testatrix.

I am asked to determine which one of these claimants the testatrix intended as the object of her bounty; and, in order, if possible, to arrive at a just and fair conclusion, extrinsic evidence was introduced on behalf of both parties, for the purpose solely of identifying the proper legatee, when taken in connection with the provisions of the will and surrounding circumstances; and I have excluded all testimony except that which bears upon the question of identification.

The provision of said will under consideration reads as follows:

"Second. I give and bequeath the sum of ($500) five hundred dollars to each of my nephews and nieces named as follows:—Ardella E. Dorland, Vina M. Daley, Flora M. Brill, Anna E. Odell, Willis B. Odell, Wright B. Odell and Daniel J. Odell and Sheldon G. Odell, and in the event that none of my said nephews and nieces shall be living at my death, then, the sum so bequeathed to such nephew and niece dying shall become and form a part of the residuum of my estate."

---

It appears that all the persons named in said clause were related by blood to the testatrix, unless it be the one in dispute. The will was typewritten and dictated to a stenographer by Mr. Arnold, the attorney for the testatrix, who testifies that testatrix said that "she wanted to give her nephews and nieces $500 each"; that she gave him the names, he writing them down. He also states that there was no direction by testatrix as to the spelling of any of the names, and that nothing was said about Willis Odell's wife. It is also a fact that the niece by the half blood was known and addressed by the various names of "Ann," "Anna," and "Annie." It is also shown that the testatrix and her niece by the half blood were on friendly and social terms, the testatrix having visited her occasionally within the years immediately preceding her death.

The law favors constructions which will not tend to the disinheriting of heirs, unless the intention to do so is clearly expressed; so that the property will go to those who are related in blood to the testatrix, rather than to those who would take nothing from the testatrix as heir or next of kin in case of intestacy (Scott v. Guernsey, 48 N. Y. 106–120; New York Life Ins. & T. Co. v. Viele, 161 N. Y. 11, 55 N. E. 311, 76 Am. St. Rep. 238); and expressed words or a necessary implication is requisite in order to disinherit an heir-at-law (Brown v. Quintard, 177 N. Y. 75, 69 N. E. 225). Nephews and nieces mean the immediate descendants of the brothers and sisters of the persons named (Matter of Woodward, 53 Hun, 466, 6 N. Y. Supp. 186); and there is no inference that can be drawn from the will, or surrounding circumstances, to indicate that the testatrix intended this legacy for any person other than her niece by blood.

There is nothing tending to show that the testatrix knew of any distinction in the given names, or of the spelling of any such names, of her niece by blood or her niece (so-called) by marriage. If she had it in her mind to distinguish between them, and had intended to make her niece by marriage her legatee, as it has been endeavored to be shown, she would naturally have instructed her counsel to insert in her will a clause that would have been apparent to any one that she intended the wife of Willis B. Odell, her niece by marriage, and not the wife of Duane Odell, her niece by blood, and thus avoided any uncertainty as to her intention, or whom she intended. It makes no difference whether her niece spelled her name "Ann," "Anna," or "Annie"; and, unless we can clearly determine from the will and surrounding circumstances that the testatrix intended a stranger to the blood to be her legatee, the blood relative is entitled to take. I can arrive at no conclusion other than that it is my belief and opinion that the testatrix intended her niece by blood to be her legatee.

Let it be decreed accordingly. Decreed accordingly.